## WILBUR & SON v. HUTTO.

1. Creditors of an intestate have no cause of action against the sureties on the administration bond until after *devastavit* established against the administrator; and a complaint against the sureties alone which failed to state such *devastavit* was properly held bad on demurrer.
2. Judgment by default entered against an administrator on a debt of his intestate, and a return of *nulla bona* thereon, are *prima facie* evidence of a *devastavit,* but they are not conclusive; to make the sureties on his bond liable in such case, there must first be a second action and judgment *de bonis propriis*.

Before PRESSLEY, J., Barnwell, November, 1885.

This was an action by T. A. Wilbur & Son against G. E. Hutto and E. E. Hughes, sureties on the administration bond of John L. Sease. The opinion states the case. It may be added, however, that the judgment of the plaintiffs against John L. Sease, as administrator, was a judgment by default.

*Messrs. W. R. Kelly* and *James Thomson,* for appellants.

*Mr. C. C. Simms,* contra.

July 14, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This action was brought against the defendants, sureties on the bond of J. L. Sease, administrator of A. E. Sease, deceased, under the following circumstances: The plaintiff recovered a judgment against the said J. L. Sease, as administrator aforesaid, for $679.25. Execution was duly issued thereon, and the sheriff returned *nulla bona,* whereupon the action below was commenced against the defendants, sureties on the administration bond. The plaintiff alleged the amount due on the judgment, and demanded judgment for the same. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, his honor, the presiding judge (Pressley), stating as grounds for his ruling: "That neither the administrator, nor his administrator, if he be dead, is a party to the action, nor is there any allegation that either was called to account, or a *devastavit* established." The appeal involves the correctness of his honor's ruling.

It will be conceded that creditors of an intestate have no cause of action against the sureties of the administrator until a *devastavit* has been first established against the administrator himself. This principle is founded upon that other principle that the assets of the intestate must be applied to his debts, through the management of the administrator, and the object and purpose of the administration bond is to secure such application, the obligation of the surety being that the administrator will so apply said assets. Such being the fact, and it being necessary that the complaint in every action should contain allegations stating the cause

of action, on pain of dismissal by demurrer, it follows, in the case at bar, that the complaint herein should have contained an allegation, either expressly or impliedly, of a *devastavit* by the administrator; otherwise it was fatally defective and the demurrer was properly sustained. The question then is, did this complaint contain such an allegation? The complaint is very brief, the principal allegations being, that one A. E. Sease died in 1883; that John L. Sease was appointed his administrator; that the defendants became sureties on his official bond; that in 1884 the plaintiffs recovered the judgment mentioned against the administrator; that in 1884 execution was duly issued on this judgment, and afterwards in 1884 the sheriff returned that he could find no property out of which to satisfy said judgment.

Now, there is no allegation of a *devastavit*, certainly none in express terms. Is it impliedly made? Or can it be said that it is a legal inference from the facts stated? It will not be contended that the judgment obtained by the plaintiff was anything more than a judgment *de bonis testatoris*, as contradistinguished from one *de bonis propriis*. And it is admitted, that such a judgment, as a general rule, is an admission of assets in the hands of the administrator sufficient to pay the debt established; and if upon the issuing of an execution no assets can be found, a return of *nulla bona* would be conclusive evidence of a *devastavit*, if there was no other way except by *devastavit* for the administrator to have disposed of said assets after judgment obtained. And in that event, an allegation of *nulla bona* would be equivalent to an allegation of *devastavit*, and therefore would be sufficient. But a return of *nulla bona* is not conclusive of an unlawful disposition of the assets by the administrator. It is only *prima facie*, and notwithstanding such return, the administrator cannot be held liable *de bonis propriis*, except upon a separate action against him, where he is permitted to overthrow the *prima facie* presumption by showing a proper disposition of the assets under the judgment; in the absence of which proof the *devastavit* becomes fully established, and a judgment will go against him *de bonis propriis* on account of said *devastavit*.

Now, the sureties not being liable until a *devastavit* by the administrator has been established, and it requiring an action

against said administrator in his individual capacity to completely establish the *devastavit* in the absence of an accounting, it follows necessarily, that the creditor has no cause of action against the sureties until such action has been instituted and determined against him, which facts must be alleged in substance in the complaint against the sureties. What has been said above applies to the facts of this case. The question of the liability of the sureties, &c., after an accounting has been had against the administrator before a proper tribunal and a decree against him, is not before us, and we express no opinion on that subject. In support of the principles herein, see *Lyles* v. *Caldwell,* 3 *McCord,* 225; *Anderson* v. *Maddox, Ibid.,* 237; *Shelton* v. *Cureton, Ibid.,* 412; *Harrington* v. *Cole, Ibid.,* 509, in which it was held that an accounting and a decree against the administrator before suit on the administration bond was necessary. See, also, *Young* v. *Kennedy,* 2 *McMull.,* 80; *Brown* v. *Hillegas,* 2 *Hill,* 450; *Jones* v. *Anderson,* 4 *McCord,* 118.

We think the plaintiff failed to allege facts sufficient to constitute an action against the defendants.

It is the judgment of this court, that the judgment of the court below be affirmed.